REBECCA D. TAKACS, SBN 304015
takacs@oles.com
OLES MORRISON RINKER & BAKER, LLP
492 Ninth Street, Suite 220
Oakland, California 94607
Telephone: (510) 903-2001
Facsimile: (510) 903-2015

*Attorneys for Plaintiff,*
*Stellar Labs, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLAR LABS, INC., a Delaware corporation, | Case No.: |
| Plaintiff, | **COMPLAINT FOR** |
| v. | **(1) BREACH OF CONTRACT**<br>**(2) BREACH OF CONTRACT**<br>**(3) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**(4) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br>**(5) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>**(6) TRADE LIBEL**<br>**(7) DEFAMATION** |
| FL3XX GmbH, a foreign entity; ONLINE DELIVERY TECHNOLOGIES a foreign entity and DOES 1 through 25, inclusive, | |
| Defendants. | |

## PARTIES

1. Plaintiff Stellar Labs, Inc. ("**Stellar**") is, and at all relevant times herein was, a Delaware corporation with its principal place of business in Burlingame, California.

2. Defendant FL3XX GmbH ("**FL3XX**") is, and at all relevant times herein was, an Austrian limited liability company with its principal place of business in Vienna, Austria.

• 1 •
COMPLAINT

3. Defendant Online Delivery Technologies ("**ODT**") is, and at all relevant times herein was, a business entity with its principal place of business in Greenville, South Carolina. Upon information and belief, ODT is a subsidiary or affiliate of FL3XX controlled by FL3XX with the same employees as FL3XX.

4. In addition to the defendants named in this action, upon information and belief, there are other parties who participated in the misconduct as alleged herein. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 25, inclusive, are presently unknown to plaintiff, who therefore sues said defendants by such fictitious names. Each of these fictitiously named defendants is responsible for the events and occurrences alleged herein which were legally and proximately caused by their conduct. Plaintiff will seek leave to amend this pleading to state the true names and capacities of such fictitiously named defendants once ascertained.

**JURISDICTION**

5. Jurisdiction is properly based upon diversity because Plaintiff is a citizen of a different state from defendants and the amount of damages exceeds $75,000.

6. Personal jurisdiction is proper because the contracts between Stellar and FL3XX arose in San Mateo County, California; FL3XX consented to jurisdiction in the courts of San Mateo County, California; and defendants' actions were directed at and damaged Stellar in Burlingame, California.

7. Personal jurisdiction is further proper because FL3XX has substantial contacts with California in that it regularly solicits business, advertises, and conducts business in the state of California by providing its software to citizens of California.

8. Personal jurisdiction is further proper because ODT has substantial contacts with California in that it regularly solicits business and advertises in the state of California by purporting to provide FL3XX software to citizens of California through its website www.onlinedeliverytechnologies.com.

## VENUE

9. Venue is proper because Plaintiff's principal place of business is located in Burlingame, California, FL3XX consented to jurisdiction in the courts of San Mateo County, California in the contracts between Stellar and FL3XX, and a substantial part of the events giving rise to the claims and allegations in this lawsuit arose in San Mateo County, California.

## INTRADISTRICT ASSIGNMENT

10. This lawsuit arose in San Mateo County and should be assigned to the San Francisco/Oakland Division of this Court.

## STATEMENT OF FACTS

11. FL3XX has an aviation management system for business aviation (the "**FL3XX Software**").

12. Stellar provides a suite of advanced applications for business aviation to customers in the United States and other markets (the "**Stellar Products**").

13. On March 10, 2020, Stellar and FL3XX signed a Master Strategic Alliance Agreement ("**MSAA**"), for a term of three years "to establish a strategic relationship that drives an evolution from individual development and marketing of separate products to a fully shared and integrated mode of building, marketing, selling, and supporting of combined products."

14. Prior to March 2020, FL3XX had signed one customer in the United States for the FL3XX Software.

15. On March 12, 2020, Stellar and FL3XX signed a Reciprocal Reseller Agreement ("**RRA**"), which proscribed general terms and conditions for Stellar to sell the products of FL3XX and vice versa.

16. The RRA requires Stellar to perform first-line support for the FL3XX Software, which requires communication with FL3XX in order to diagnose and escalate software-related issues.

17. The RRA also provides that Stellar would be responsible for establishing customer pricing for the FL3XX Software.

18. On March 12, 2020, contemporaneously with the signing of the RRA, Stellar and FL3XX signed Service Schedule #1, which gave Stellar the exclusive right to sell the FL3XX Software in the Americas and Caribbean regions (the "**Territory**").

19. In reliance on these agreements, Stellar integrated the FL3XX Software with its Stellar Products and entered agreements with its customers to provide the combined products

20. Between March 2020 and June 2021, Stellar expended significant resources marketing and selling the FL3XX Software in the Territory as well as helping FL3XX adapt its software for use in the Territory. In this period, Stellar significantly increased FL3XX's user base and was able to secure one of the top five end-user customers in the world.

21. Between March 2020 and June 2021, Stellar asked FL3XX for current price lists and did not receive accurate or timely information preventing Stellar from providing accurate pricing information to customers or potential customers.

22. Between March 2020 and June 2021, Stellar would request and receive verbal authorization from FL3XX to "price match" rates or offer free months of service to customers, but later be informed by FL3XX that such prices or free months would not be honored by FL3XX. FL3XX would then demand Stellar pay fees based on higher prices.

23. On information and belief, on or about March 25, 2021, FL3XX or ODT established the website https://fl3xx.us/#/login, which purports to offer customers a login portal for the FL3XX Software.

24. On information and belief, on or about May 11, 2021, FL3XX, ODT, or Does 1-10 established the website www.onlinedeliverytechnologies.com, which purports to have "exclusive delivery rights" for the FL3XX Software in North America.

• 4 •
COMPLAINT

25. The MSAA required parties to informally resolve disputes before terminating the agreement:

> The Parties will negotiate in good faith to resolve any disputes arising from programs and activities under this Agreement. The Parties may amend this Agreement by mutual agreement. Each Party agrees to notify the other in writing within sixty (60) days of becoming aware of a dispute. The Parties agree to cooperate to try to reasonably resolve all disputes. If requested by either Party, a senior representative of each Party will meet and engage in good faith negotiations; such representatives will convene within thirty (30) days of the written dispute notice, unless otherwise agreed. All meetings and discussions between senior representatives will be deemed confidential settlement discussions not subject to disclosure under Federal Rule of Evidence 408 or any similar applicable state rule. If the Parties fail to resolve the dispute, the Parties will proceed to non-binding mediation before a single mediator who is jointly selected by the Parties. Nothing in this Section shall prevent either Party from seeking necessary injunctive relief from a court of competent jurisdiction at any time. dispute resolution process that required good faith negotiations and mediation with respect to any disputes prior to termination by either party.

26. Prior to June 9, 2021, Stellar did not receive notice of any dispute, a request to enter good faith negotiations, or a request to participate in mediation from FL3XX.

27. On June 9, 2021, without warning FL3XX sent Stellar a termination notice ("**Termination Notice**") alleging that Stellar owes fees under the RRA and that Stellar had not provided proper first-line support to customers. In the same Termination Notice, FL3XX stated it was terminating the RRA "with immediate effect" and without any opportunity to cure the alleged breach. The purported fees claimed by FL3XX totaled only $25,441.

28. Upon information and belief, on or about June 9, 2021 FL3XX began telling prospective Stellar customers that Stellar was no longer the exclusive reseller of FL3XX Software.

29. The RRA states: "This Agreement may be terminated as follows: (a) if Reseller fails to make any payment due hereunder within thirty (30) days after receiving written notice from Provider that such payment is delinquent, Provider may terminate this Agreement on written notice to Reseller at any time following the end of such period."

30. On June 15, 2021, Stellar sent its response stating that this was the first instance of notification about any disputes or claims from FL3XX and that termination was unwarranted, reminding FL3XX of the MSAA's required dispute resolution process.

31. Between March 2020 and June 2021, Stellar provided its customers the first-line support required by its agreements with those customers and FL3XX.

32. On June 18, 2021, Stellar responded to FL3XX's claim regarding the disputed fee payments, advising FL3XX that four of the five invoices cited by FL3XX in its Termination Notice were invalid and one of the invoices was pending resolution. Despite disputing the fees claimed by FL3XX, Stellar wired FL3XX $18,041.00, which was the full amount pending resolution.

33. Beginning on or about June 21, 2021, FL3XX started to disable, dismantle, disrupt, seize, and hijack established communication channels, between Stellar and FL3XX and between Stellar and its customers. These channels were widely used by the parties in their business communications between one another and used by Stellar to communicate support issues brought up by end-user customers of the FL3XX Software to FL3XX.

34. On or about June 21, 2021, FL3XX deactivated a shared Slack workspace that was a primary business communication channel between FL3XX and Stellar.

35. On or about June 29, 201, FL3XX converted and hijacked a project workspace channel that was created and maintained by Stellar. Stellar had shared administrative control with FL3XX and FL3XX deleted Stellar's access. Stellar was eventually able to retain control by contacting the provider of the workspace software.

36. On or about July 2, 2021, FL3XX disabled Stellar's Zendesk ticket sharing support, which was the primary channel used by FL3XX and Stellar to communicate about support issues from end-user customers.

37. On or about July 5, 2021, FL3XX deleted or disabled Stellar's support accounts for accessing and trouble-shooting the FL3XX Software. These accounts were the primary way for Stellar to access a customer's instance of the FL3XX Software. Without such access, Stellar was left unable to troubleshoot issues with the FL3XX Software that its customers were encountering.

38. On information and belief, on July 8, 2021, FL3XX sent emails to all Stellar-contracted users of the FL3XX Software stating that: (1) the "reseller relationship with Stellar is over"; (2) the customer's "service contract with Stellar is no longer valid"; and (3) the FL3XX Software will soon be hosted in the United States by a new hosting provider.

39. On July 8, 2021, Stellar sent FL3XX a cease-and-desist letter demanding FL3XX re-activate or re-establish all support channels and that FL3XX not interfere with Stellar's exclusive reselling rights in the Territory.

40. Upon information and belief, upon receipt of the July 8, 2021 email from FL3XX, end-user customers were confused and contacted Stellar expressing concerns about the status of their use of the FL3XX Software under their contracts with Stellar.

41. On July 12, 2021, Stellar sent a demand for mediation to FL3XX, but FL3XX refused to mediate.

42. On July 12, 2021, an end-user customer terminated services with Stellar due to FL3XX's conduct and the uncertainty of integration between Stellar Products and the FL3XX Software.

43. On July 16, 2021, Stellar sent FL3XX a second cease-and-desist letter calling on FL3XX and ODT to stop marketing and selling the FL3XX Software in violation of Stellar's exclusive rights in the Territory.

44. On information and belief, on or about July 22, 2021, FL3XX, ODT or Does 11-20 transferred hosting of the FL3XX Software from servers in Europe to a server in the

United States. On information and belief, ODT is the entity managing the United States-based hosting environment.

45. On July 23, 2021, the CEO of FL3XX, Paolo Sommariva, emailed an employee of Stellar, demanding that Stellar no longer communicate with Stellar-contracted end-users who are using the FL3XX Software.

46. On July 25, 2021, another end-user customer with Stellar terminated services with Stellar because the end user no longer wanted the FL3XX Software for reasons relating to FL3XX's separation from Stellar.

47. Defendants' conduct damaged Stellar resulting in more than $850,000 in lost revenue through the agreed upon contract period, the loss of customers and potential customers, and damage to Stellar's reputation in an amount to be determined at trial.

## CAUSES OF ACTION

### First Cause of Action - Breach of Contract (RRA)
### (against FL3XX)

48. Stellar incorporates by reference paragraphs 1-47 above into this cause of action.

49. Stellar performed all or substantially all of its obligations under the RRA or was excused from such performance.

50. FL3XX breached the RRA by (1) disabling, dismantling, converting, or hijacking communication channels between Stellar and FL3XX and Stellar and its customers such that Stellar could not provide proper first-line support to end-user customers; (2) obfuscating or changing true price list costs and agreeing to price changes then later reneging on those price changes; and (3) interfering with Stellar's exclusive marketing and selling rights in the Territory by reaching out and communicating with current and prospective customers of the FL3XX Software; (4) unilaterally trying to terminate the RRA; (5) communicating with Stellar-contracted customers in a way that destroys the cooperation

necessary to fulfill the obligations required under the RRA; and (6) establishing a US-based entity to take over marketing and selling of the FL3XX Software while the RRA is in effect, under the false pretense that the new entity would have a more limited role.

51. As a result of FL3XX's conduct Stellar was harmed.

52. FL3XX's breach of contract was a substantial factor in causing Stellar's harm.

### Second Cause of Action- Breach of Contract (MSAA)
### (against FL3XX)

53. Stellar incorporates by reference paragraphs 1-47 above into this cause of action.

54. Stellar performed all or substantially all of its obligations under the MSAA or was excused from such performance.

55. FL3XX breached the MSAA by failing to perform its obligations under the MSAA and preventing Stellar from performing its obligations.

56. As a result of FL3XX's conduct Stellar was harmed.

57. FL3XX's breach of contract was a substantial factor in causing Stellar's harm.

### Third Cause of Action - Breach of the Implied Covenant of
### Good Faith and Fair Dealing
### (against FL3XX)

58. Stellar incorporates by reference paragraphs 1-47 above into this cause of action.

59. Stellar performed all or substantially all of its obligations under both the MSAA and RRA or was excused from such performance.

60. FL3XX failed to perform its obligations in good faith and hindered and delayed Stellar's performance under the RRA and MSAA.

61. As a result of FL3XX's breaches and interferences, Stellar was harmed.

62. FL3XX's breach of contract was a substantial factor in causing Stellar's harm.

**Fourth Cause of Action – Intentional Interference with Contractual Relations**
**(FL3XX, ODT, DOES 1-25 )**

63. Stellar incorporates by reference paragraphs 1-47 above into this cause of action.

64. Stellar has contracts with Stellar-contracted customers.

65. Defendants knew of Stellar's contracts.

66. Defendants' conduct prevented performance of these contracts or made performance more expensive or difficult.

67. Defendants intended to disrupt the performance of these contracts or knew that disruption of performance was certain or substantially certain to occur.

68. As a result of Defendants' conduct, Stellar was harmed.

69. Defendants conduct was a substantial factor in causing Stellar's harm.

70. Defendants acted with malice, oppression, or fraud.

**Fifth Cause of Action – Negligent Interference with Prospective Economic Relations**
**(FL3XX, ODT, DOES 1-25 )**

71. Stellar incorporates by reference paragraphs 1-47 above into this cause of action.

72. Stellar and Stellar's customers and prospective customers were in an economic relationship that probably would have resulted in a future economic benefit to Stellar.

73. Defendants knew or should have known of this relationship.

74. Defendants knew or should have known that this relationship would be disrupted if defendants failed to act with reasonable care.

75. Defendants failed to act with reasonable care.

76. Defendants engaged in wrongful conduct through misrepresenting the relationship between Defendants and Stellars to third-parties.

77. Stellar's prospective customer relationships were disrupted.

78. As a result of Defendants' conduct Stellar was harmed.

79. Defendants' wrongful conduct was a substantial factor in causing Stellar's harm.

### Sixth Cause of Action - Trade Libel
### (FL3XX, ODT, DOES 1-25)

80. Stellar incorporates by reference paragraphs 1-47 above into this cause of action.

81. Defendants made statements in the marketplace that disparaged the quality of Stellar's service or could be reasonably implied from Defendants' statements.

82. The statements were untrue.

83. Defendants knew the statements were untrue or acted with reckless disregard of the truth or falsity of the statements.

84. Defendants knew or should have recognized that someone else might act in reliance on the statement, causing Stellar financial loss.

85. Stellar suffered direct financial harm because someone else acted in reliance on the statement.

86. Defendants' conduct was a substantial factor in causing Stellar's harm.

87. Defendants acted with malice, oppression, or fraud.

### Seventh Cause of Action - Defamation
### (FL3XX, ODT, DOES 1-25)

88. Stellar incorporates by reference paragraphs 1-47 above into this cause of action.

89. Defendants made statements to third-parties other than Stellar, including Stellar's customers and potential customers

90. The third-parties reasonably understood that the statements were about Stellar,

91. Defendants failed to use reasonable care to determine the truth or falsity of the statements;

92. Defendants' conduct was a substantial factor in causing harm to Stellar's business, trade, and reputation;

93. Defendants acted with malice, oppression, or fraud.

## DEMAND FOR RELIEF

1. Plaintiff prays for judgment as follows:

   a. Injunctive relief prohibiting defendants from violating the contracts entered by the parties and making false or misleading statements to Stellar's customers and third-parties;

   b. All compensatory and consequential damages in an amount to be determined at trial according to proof plus interest in excess of $850,000;

   c. Punitive damages in an amount to be determined at trial according to proof;

   d. Attorney's fees and costs in an amount to be determined at trial according to proof;

   e. Costs of suit; and any other relief as is fair, just or equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Dated: July 30, 2021                    OLES MORRISON RINKER & BAKER LLP

                                        By: */s/ Rebecca D. Takacs*
                                        Rebecca D. Takacs
                                        Attorney for Plaintiff
                                        Stellar Labs, Inc.