REBECCA D. TAKACS, SBN 304015
takacs@oles.com
OLES MORRISON RINKER & BAKER, LLP
492 Ninth Street, Suite 220
Oakland, California 94607
Telephone: (510) 903-2001
Facsimile: (510) 903-2015

*Attorneys for Plaintiff,*
*Stellar Labs, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| STELLAR LABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FL3XX GmbH, a foreign entity; ONLINE DELIVERY TECHNOLOGIES a foreign entity and DOES 1 through 25, inclusive,<br><br>Defendants. | **Case No.: 3:21-cv-05879-SK**<br><br>Judge: Hon. Sallie Kim<br>Hearing: October 4, 2021 at 9:30 a.m<br><br>**DECLARATION OF VICKI NAKATA IN SUPPORT OF *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER** |

I, Vicki Nakata, declare as follows:

1. I am the Chief Executive Officer of plaintiff Stellar Labs, Inc. ("**Stellar**") and have been employed at Stellar since March 2018. As part of my responsibilities at Stellar, I negotiate and execute contracts with third-parties including the agreements with FL3XX GmbH ("**FL3XX**") at issue in this matter. I have weekly and oftentimes daily interactions with my leadership team, which includes sales, finance, product, customer success, and

· 1 ·

1. engineering. Stellar is a small company of only 30 employees, and I am involved in all major decisions and aware of most day-to-day activities.

2. I have personal knowledge of all facts stated in this declaration and if called to testify, I could and would testify competently thereto.

3. Based on my personal knowledge, I verify as true Paragraphs 1, 5-22, 25-27, 29-37, 39, 41-43, 45-93 of the Complaint, a true and correct copy of which is attached hereto as Exhibit 1.

4. Paolo Sommariva is the Chief Executive Officer of FL3XX with the email address paolo.sommariva@fl3xx.com. I have regularly communicated with Mr. Sommariva at this email address.

5. On information and belief, I verify Paragraph 2 of the Complaint is true and, in addition to its principal place of business in Vienna, Austria, FL3XX has satellite offices in Van Nuys, California and NanJing China. I base this belief on having visited the Vienna office and the website of FL3XX located at https://www.fl3xx.com/contact/ stating that it has offices at these three locations. Attached hereto as Exhibit 2 is a true and correct copy of the website information showing its office locations.

6. On information and belief, I verify Paragraph 3 of the Complaint is true that Online Delivery Technologies ("**ODT**") is a business entity with its principal place of business in Greenville, South Carolina. I base this belief on the website of ODT located at https://www.onlinedeliverytechnologies.com/ stating that it is located at 1 Aviation Lane, Greenville, SC 29607. Attached hereto as Exhibit 3 is a true and correct copy of the website information showing the office location.

7. On March 10, 2020, Stellar and FL3XX signed a Master Strategic Alliance Agreement ("**MSAA**"), for a term of three years "to establish a strategic relationship that drives an evolution from individual development and marketing of separate products to a fully

· 2 ·

shared and integrated mode of building, marketing, selling, and supporting of combined products." Attached hereto as Exhibit 4 is a true and correct copy of the MSAA.

8. On March 12, 2020, Stellar and FL3XX signed a Reciprocal Reseller Agreement ("**RRA**"), which prescribes general terms and conditions for Stellar to sell the products of FL3XX and vice versa, and Service Schedule #1, which gives Stellar the exclusive right to sell the FL3XX Software in the Americas and Caribbean regions (the "**Territory**"). Attached hereto as Exhibit 5 is a true and correct copy of the RRA with the attached Service Schedule #1.

9. Between March 2020 and June 2021, Stellar contracted with twenty-four (24) customers to use the FL3XX Software, in some cases along with Stellar's suite of advanced applications for business aviation (the "**Stellar Products**").

10. One of the customers Stellar secured is a top five aircraft charter operator, which, upon information and belief, is the largest customer ever to contract for the FL3XX Software.

11. Stellar expended significant resources between March 2020 and July 2021, including over ten (10) full-time equivalent employees dedicated to marketing, selling, and supporting the FL3XX Software as well as helping FL3XX adapt its software for the U.S. market and Stellar Customers.

12. On or about June 9, 2021, Stellar was in discussions or negotiations with over one-hundred (100) prospective customers to contract for the FL3XX Software.

13. On June 9, 2021, without warning FL3XX sent Stellar a termination notice ("**Termination Notice**"). Attached hereto as Exhibit 6 is a true and correct copy of the Termination Notice with the attached "Dunning Letters."

14. Prior to June 9, 2021, Stellar did not receive written notice from FL3XX stating payments for IN2021/0088, IN2021/0089, IN2021/0090, IN2021/0091, or IN2021/0092 were "delinquent" or that Stellar was in material breach of the RRA.

15. On June 15, 2021, Stellar responded to the Termination Notice. Attached hereto as Exhibit 7 is a true and correct copy of the June 15, 2021 letter.

16. After June 15, 2021, in multiple joint conference calls between Stellar and FL3XX leadership, I spoke to Mr. Sommariva who stated, in sum and substance, that FL3XX had the right to unilaterally terminate the RRA and that further negotiations or mediation were unwarranted.

17. On information and belief, I verify Paragraph 28 of the Complaint is true. I base this belief on discussions with prospective customers of Stellar that after June 9, 2021, Mr. Sommariva told them, in sum and substance, that Stellar was no longer the exclusive reseller of FL3XX Software in the United States.

18. On information and belief, I verify Paragraph 38 of the Complaint is true. I base this belief on discussions with Stellar Customers and on emails from Mr. Sommariva dated July 8, 2021 that were forwarded to me. Attached hereto as Exhibit 8 is a true and correct copy of one of the emails forwarded to me.

19. On information and belief, I verify Paragraph 40 of the Complaint is true. I base this belief on discussions Stellar Customers about the status of the relationship between FL3XX and Stellar and the impact on their respective contracts with Stellar.

20. On July 16, 2021, Stellar sent FL3XX and ODT a cease-and-desist letter. Attached hereto as Exhibit 9 is a true and correct copy of the July 16, 2021 letter.

21. To date, Stellar has not received a response to the July 16, 2021 cease-and-desist letter from FL3XX or ODT.

22. The total value of the contracts for the FL3XX Software and Stellar Products signed by Stellar Customers as of June 2021 is approximately $1.69 million.

23. On information and belief, on or about July 22, 2021, FL3XX, ODT or Does 11-20 transferred a copy of the FL3XX Software to United States-based servers for use in

hosting certain Stellar Customers. On information and belief, ODT is the entity managing the United States-based hosting environment.

24. On July 23, 2021, Mr. Sommariva demanded Stellar employees stop communicating with Stellar Customers. Attached hereto as Exhibit 10 is a true and correct copy of this email.

25. After July 8, 2021, approximately ten (10) Stellar Customers using the FL3XX Software have terminated or have indicated they will terminate their contracts with Stellar for the FL3XX Software.

26. After July 8, 2021, Stellar lost all prospective customers for the FL3XX Software causing Stellar to lose a future revenue stream.

27. Since the June 9, 2021 Termination Notice, Stellar expects millions of dollars of lost revenue and associated profits from the inability to sell and provide the FL3XX Software in tandem with Stellar Products to Stellar Customers and prospective customers.

28. Since the June 9, 2021 Termination Notice, FL3XX's conduct has damaged Stellar's reputation with the business aviation community and destroyed the goodwill associated with Stellar Products and Stellar's support capabilities for the FL3XX Software.

29. Allowing FL3XX and ODT to continue to solicit, market, and sell FL3XX Software to Stellar Customers and prospective customers may drive Stellar out of business. Since the beginning of the relationship with FL3XX, Stellar has invested significant time and money to promote the FL3XX Software and adapt it to the U.S. market, in support of a broader strategy related to growth for Stellar Products. By the unexpected and immediate cutoff by FL3XX, Stellar's broader strategy that it has worked on for years is severely hampered, which also affects Stellar's ability to attract additional investment capital, of which that investment is vital for companies in Stellar's stage of development.

30. The National Business Aviation Association - Business Aviation Convention & Exhibition ("**NBAA-BACE**") is the major business aviation conference for the United States business aviation market. Hundreds of Stellar's U.S. based customers and potential customers are expected to attend the 2021 NBAA-BACE.

31. Stellar has an exhibit booth at the 2021 NBAA-BACE in Las Vegas, Nevada from October 12-14, 2021 and was planning to market and sell the FL3XX Software along with Stellar Products.

32. Stellar obtained a booth at the 2020 NBAA-BACE event and made plans with FL3XX to market and sell the FL3XX Software. Due to the Covid-19 pandemic, the event was held virtually, during which Stellar did market the FL3XX Software.

33. In or about early September 2021, I learned that FL3XX intended to exhibit at the NBAA-BACE to market FL3XX Software in the United States. I confirmed this information by reviewing the exhibitor list information on the NBAA-BACE website showing FL3XX as an exhibitor.

34. From July 8, 2021 to the present, my team has spoken with all Stellar Customers, who stated, in sum and substance, they received a July 8, 2021 email from Mr. Sommariva.

35. On June 18, 2021, Stellar's accounting team sent Mr. Sommariva a letter responding to FL3XX's allegations regarding invoices IN2021/0088, IN2021/0089, IN2021/0090, IN2021/0091, or IN2021/0092. Attached hereto as Exhibit 11 is a true and correct copy of that letter.

36. As a sign of good faith, within 10 days of receiving the Termination Notice, Stellar paid FL3XX $18,041 for Invoice IN2021/0092.

37. On or about, July 12, 2021, I sent Mr. Sommariva a letter demanding FL3XX mediate with Stellar. Attached hereto as Exhibit 12 is a true and correct copy of that letter. I did not receive a response from FL3XX.

38. Since June 9, 2021, Stellar has proposed the parties meet and confer to ensure existing Stellar Customers continue to receive support and outline a path forward to resolve the dispute, but FL3XX has refused to cooperate. Attached hereto as Exhibits 13 and 14 are true and correct copies of emails sent to FL3XX.

39. From July 8, 2021 to the present, Stellar began hearing from Stellar Customers that they had received a software agreement from either FL3XX or ODT. On information and belief, the software agreement was provided to replace the Stellar Customer agreement.

40. On information and belief, the ODT Master Services Agreement sent to a Stellar Customer is substantially identical to the Stellar Master Services Agreement. I base this belief on a comparison of the Stellar Master Services Agreement with the ODT Master Services Agreement sent to Journey Aviation, LLC attached as Exhibits 1 and 3 to the Declaration of Fabian Bello.

41. Upward of ninety percent (90%) of Stellar Customers were developed from existing relationships that Stellar had or were referrals from Stellar Customers.

42. On information and belief, prior to the agreements with Stellar, there were approximately twenty-seven (27) customers of the FL3XX Software worldwide after ten years of operation by FL3XX. I base this belief on documents shared by FL3XX in January 2020 that showed their then-current customer list.

43. Stellar's addition of twenty-four (24) customers represents an 89% increase in customers using the FL3XX Software.

Declaration of Vicki Nakata ISO *Ex Parte* Motion for TRO          Case No.: 3:21-cv-05879-SK

44. Prior to June 9, 2021, Stellar provided first-line support for the FL3XX Software and never received any formal complaints from Stellar Customers or FL3XX regarding that support.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 1, 2021.

*Vicki Nakata*
Vicki Nakata (Oct 1, 2021 07:26 PDT)

Vicki Nakata

• 8 •
Declaration of Vicki Nakata ISO *Ex Parte* Motion for TRO        Case No.: 3:21-cv-05879-SK

# PROOF OF SERVICE

I declare that I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within entitled cause. My business address is 492 Ninth Street, Suite 220, Oakland, California 94607. On October 1, 2021, I served a true copy of the document listed below on the involved parties in said cause, in the manner indicated as follows.

**DECLARATION OF VICKI NAKATA IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

Peter Vestal, Esq.
Niesar & Vestal LLP
90 New Montgomery Street, 9th Floor
San Francisco, CA 94105
Telephone: (415) 882-5300
Facsimile: (415) 882-5400

*Attorney for Defendants*
*FL3XX GmbH and*
*Online Delivery Technologies*

☐ Via USDC CM-ECF system
☐ Via U.S. Mail
☒ Via email: pvestal@nvlawllp.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at Oakland, California, on October 1, 2021.

_____
Delores McCullum