UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLAR LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FL3XX GMBH, et al., <br><br> Defendants. | Case No. 21-cv-05879-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR A TERMPORARY RESTRAINING ORDER** <br><br> Docket No. 14 |

Plaintiff is Stellar Labs, Inc. It has filed suit against FL3XX GmbH and Online Delivery Technologies ("ODT") for, *inter alia*, breach of contract, breach of the implied covenant of good faith and fair dealing, and interference with contractual relations and prospective economic relations. Currently pending before the Court is Stellar's motion for a temporary restraining order ("TRO"). Stellar argues that FL3XX improperly terminated a contract that it had with Stellar under which Stellar was the exclusive reseller of FL3XX software in the United States. Stellar seeks to enjoin Defendants from marketing, selling, or advertising the FL3XX software in the United States, including at certain convention in Las Vegas, to be held from October 12-14, 2021. Defendants oppose the motion for a TRO, arguing, *inter alia*, lack of subject matter jurisdiction, lack of irreparable injury to Stellar, and hardship to Defendants.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Stellar's motion for relief.

As an initial matter, the Court notes that, at the time Stellar filed this action, there was no diversity jurisdiction in this case because both Stellar and ODT are citizens of Delaware. Although Stellar challenges whether ODT is in fact a citizen of Delaware, there is insufficient

evidence to support that position; rather, the evidence, including information from the Delaware Division of Corporations, supports Defendants' position.

That being said, the Court does not dismiss for lack of subject matter jurisdiction because Stellar has agreed to dismiss ODT from the case so that there will be complete diversity. Ordinarily, "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). But there is an exception to this general principle. "[I]t is well settled that [Federal] Rule [of Civil Procedure] 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Id.* at 832; *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572 (2004) (indicating that dismissal of a party that has destroyed diversity has "long been an exception to the time-of-filing rule"). At the hearing, Defendants suggested that ODT might be an indispensable party. However, based on the record before the Court, there is no such showing.[1] The Court thus grants Stellar's request to dismiss ODT from the action and turns to the merits of the TRO motion.

To obtain a TRO, Stellar must show that it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008). The Ninth Circuit has held that its sliding scale approach to injunctive relief still applies post-*Winter*: "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction [or TRO], so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). However, contrary to what Stellar suggested at the hearing, the sliding scale still requires a likelihood of irreparable injury, not simply a possibility of irreparable injury. *See id.*; *see also Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an

---

[1] As the Court noted at the hearing, Defendants are not precluded from raising this issue in the future.

2

extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

In the instant case, the Court need not evaluate the balance of equities or the merits because Stellar has failed to show, in the first instance, a likelihood of irreparable injury. Although Stellar has presented evidence regarding the loss of customers that suggests the financial harm caused by FL3XX's alleged violations could be very substantial and may grow with time, damages are an adequate legal remedy. While irreparable injury may be demonstrated where e.g. the plaintiff would be driven out of existence, a situation where post-facto damages may not be an adequate remedy, no such showing is made here. The Nakata declaration simply states that Stellar *may* be driven out of business if FL3XX is allowed to market and sell its software in the United States. And even if the word "likely" was used instead of "may," the assertion is wholly conclusory as there are no real facts to back up the assertion. Notably, Stellar does not explain why it could not remain in business by selling its own suite of software. As Ms. Nakata has been with Stellar since 2018 and received substantial investment funding in 2017, it is evident that Stellar existed prior to its relationship with FL3XX. Stellar suggests that it has had a business strategy for years that is being impacted, but, based on the record before the Court, Stellar's relationship with FL3XX was only for about a year before FL3XX terminated the RRA. Evidence that Stellar is well funded cuts against its contention that, in the absence of a TRO, it would be driven out of business. *See* Sommariva Decl. ¶ 7 (testifying that "Stellar has raised a total of $38.5 million," with its latest funding from October 2017 being "a $26.3 million Series A investment").

Finally, it is worth noting (as Defendants have) that the TRO requested by Stellar will not allow Stellar to market and sell FL3XX products. The proposed injunction merely prevents FL3XX from marketing at the October Las Vegas convention. Therefore, even if Stellar is claiming irreparable injury from lost sales of the FL3XX software, the TRO will not address that harm.

Accordingly, Stellar's motion for a TRO is denied. This ruling does not preclude Stellar from filing a regularly noticed motion for a preliminary injunction. Nor does it preclude Stellar from filing a motion for leave to file a motion for reconsideration, although Stellar is forewarned

3

that it must comply with Civil Local Rule 7-9. *See, e.g.*, Civ. L.R. 7-9(b)(1) (providing that a moving party must show that, "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," and "[t]he party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order").

As stated at the hearing, the Court strongly urges the parties to discuss and explore immediately ADR. The financial stakes and risks to each party will only grow over time. The parties have an opportunity *now* to nip accumulated losses and risks in the bud and avoid a situation where both parties are likely to lose should they pursue expensive drawn-out litigation. The parties shall report to the Court within two weeks of this Order which ADR option (*e.g.* private mediation, court-sponsored mediation or ENE, or Magistrate Judge settlement conference) they wish to elect, the proposed timeline, and what discovery, if any, they need in order to prepare for that ADR.

This order disposes of Docket No. 14.

**IT IS SO ORDERED**.

Dated: October 8, 2021

_____
EDWARD M. CHEN
United States District Judge