Peter Vestal (SBN 159440)
pvestal@nvlawllp.com
John Kelley (SBN 194073)
jkelley@nvlawllp.com
NIESAR & VESTAL LLP
90 New Montgomery St. 9th Floor
San Francisco, CA 94105
Telephone:  (415) 882-5300
Facsimile:   (415) 882-5400

Attorneys for Defendant FL3XX GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STELLAR LABS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FL3XX GMBH, et al., <br><br> Defendants. | Case No:  3:21-cv-05879-EMC <br><br> **FL3XX GMBH's ANSWER TO COMPLAINT** <br><br> Judge: Hon. Edward M. Chen <br> Courtroom 5 – 17th Floor |
| FL3XX GMBH, <br><br> Counterclaimant, <br> vs. <br><br> STELLAR LABS, INC., <br><br> Counterdefendant. | |

Defendant FL3XX GmbH ("FL3XX" or "Defendant"), through its counsel, answers the Complaint of Stellar Labs, Inc. ("Stellar" or "Plaintiff") as set forth below.  Unless specifically admitted, FL3XX denies each of the allegations of the Complaint.

///

## I.   PARTIES

1. In response to paragraph 1, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of this paragraph and therefore denies the same.

2. In response to paragraph 2, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX admits the factual allegations of this paragraph.

3. In response to paragraph 3, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

4. In response to paragraph 4, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

## II.   JURISDICTION

5. In response to paragraph 5, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

6. In response to paragraph 6, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

7. In response to paragraph 7, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

8. In response to paragraph 8, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

### III.   VENUE

9. In response to paragraph 9, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

### IV.   INTRADISTRICT ASSIGNMENT

10. In response to paragraph 10, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

### V.   STATEMENT OF FACTS

11. In response to paragraph 11, FL3XX admits it has an aviation management platform/solution/system for business aviation (the "FL3XX Software").

12. In response to paragraph 12, FL3XX admits the factual allegations of this paragraph concerning "Stellar Products" in so far as it understands the defined term "Stellar Products" refers to Stellar's applications for business aviation customers which are currently accessed and function within the FL3XX Software (i.e., the Stellar Pricing Engine and the Stellar Data Studio).

13. In response to paragraph 13, FL3XX admits it and Stellar executed a Master Strategic Alliance Agreement ("MSAA") on March 10 2020, for a term of three years, and it admits the MSAA included the following recital: "WHEREAS, the Parties wish to establish a strategic relationship that drives an evolution from individual development and marketing of separate products to a fully shared and integrated mode of building, marketing, selling, and supporting of combined products."

14. In response to paragraph 14, FL3XX admits the factual allegations of this paragraph.

15. In response to paragraph 15, FL3XX admits that on March 12, 2020, Stellar and FL3XX signed a Reciprocal Reseller Agreement ("RRA"), which prescribed the general terms

and conditions for Stellar to sell the products of FL3XX and vice versa.  FL3XX denies the remaining factual allegations of this paragraph.

16.     In response to paragraph 16, FL3XX admits the factual allegations of this paragraph.

17.     In response to paragraph 17, FL3XX denies the factual allegations of this paragraph.

18.     In response to paragraph 18, FL3XX admits that Service Schedule #1 authorized Stellar to be the exclusive reseller of the FL3XX Software in the Americas and Caribbean region (collectively, the "Territory").

19.     In response to paragraph 19, FL3XX admits that Stellar entered into agreements with some customers after March 20, 2020, to sell the FL3XX Software with or without Stellar Products.  FL3XX denies the remaining factual allegations of this paragraph.

20.     In response to paragraph 20, FL3XX denies that Stellar helped it adapt the FL3XX software for use in the Territory and significantly increased FL3XX's user base between March 2020 and June 2021.  FL3XX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual allegations of this paragraph and therefore denies the same.

21.     In response to paragraph 21, FL3XX denies the factual allegations of this paragraph.

22.     In response to paragraph 22, FL3XX denies the factual allegations of this paragraph.

23.     In response to paragraph 23, FL3XX admits it contracted with Online Delivery Technologies, Inc. ("ODT") in March 2021 to serve as its hosting provider for FL3XX Software users in the United States, that ODT established the website https://fl3xx.us/#/login further to that purpose, and that the website includes a login portal for users of the FL3XX Software.  FL3XX denies the remaining factual allegations of this paragraph.

24. In response to paragraph 24, FL3XX admits that ODT is, and was at the time alleged, the exclusive software hosting provider for FL3XX Software users in the United States, and that FL3XX is aware the website www.onlinedeliverytechnologies.com contains language stating that ODT has the exclusive delivery rights for the FL3XX Software in the United States. FL3XX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual allegations of this paragraph and therefore denies the same.

25. In response to paragraph 25, FL3XX admits that section 13 of the MSAA provided a mechanism for the resolution of disputes arising from programs and activities under the MSAA. FL3XX denies the remaining factual allegations of this paragraph.

26. In response to paragraph 26, FL3XX admits it did not request that Stellar participate in mediation prior to June 9, 2021. FL3XX denies the remaining factual allegations of this paragraph.

27. In response to paragraph 27, FL3XX admits it sent Stellar a written termination notice on June 9, 2021 (the "Termination Notice"), that the Termination Notice informed Stellar it owed FL3XX $25,441 in connection with certain outstanding invoices, that Stellar had failed to provide customers with proper First Line Support as required under Section 3.2 of the RRA, and that termination was effective immediately. FL3XX denies the remaining factual allegations of this paragraph.

28. In response to paragraph 28, FL3XX admits it began telling prospective customers that Stellar was no longer the exclusive reseller of FL3XX Software in the Territory after FL3XX terminated the RRA. FL3XX denies the remaining factual allegations of this paragraph.

29. In response to paragraph 29, FL3XX admits the factual allegations of this paragraph.

30. In response to paragraph 30, FL3XX admits the factual allegations of this paragraph.

31. In response to paragraph 31, FL3XX denies the factual allegations of this paragraph.

32. In response to paragraph 32, FL3XX admits it received a written communication from Stellar dated June 18, 2021, in which Stellar alleged that four of five invoices identified in the Termination Notice were invalid, and that Stellar wired FL3XX $18,041.00. FL3XX denies the remaining factual allegations of this paragraph.

33. In response to paragraph 33, FL3XX admits that, following delivery of the Termination Notice and after it provided advance explanation to Stellar, it began to dismantle communication and collaboration tools between FL3XX and Stellar, and acted to remove Stellar from support tools connected to the FL3XX Software. FL3XX denies the remaining factual allegations of this paragraph.

34. In response to paragraph 34, FL3XX admits the factual allegations of this paragraph.

35. In response to paragraph 35, FL3XX denies the factual allegations of this paragraph.

36. In response to paragraph 36, FL3XX admits it disabled a Zendesk-based customer service feature in July 2021. FL3XX denies the remaining factual allegations of this paragraph.

37. In response to paragraph 37, FL3XX admits that in July 2021 it deleted or disabled Stellar support accounts for accessing and trouble-shooting FL3XX Software, and that the accounts were the primary way for Stellar to access a customer's instance of the FL3XX Software. FL3XX denies the remaining factual allegations of this paragraph.

38. In response to paragraph 38, and based on its understanding of the term "Stellar-contracted", FL3XX admits the factual allegations of this paragraph.

39. In response to paragraph 39, FL3XX admits Stellar sent FL3XX a cease-and-desist letter demanding FL3XX re-activate or re-establish all support channels and that FL3XX not interfere with Stellar's alleged exclusive reselling rights in the Territory. FL3XX denies the remaining factual allegations of this paragraph.

40. In response to paragraph 40, FL3XX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of this paragraph and therefore denies the same.

41. In response to paragraph 41, FL3XX admits the factual allegations of this paragraph.

42. In response to paragraph 42, FL3XX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of this paragraph and therefore denies the same.

43. In response to paragraph 43, FL3XX admits it received a cease-and-desist letter dated July 16, 2021, in which Stellar demanded FL3XX and ODT stop marketing and selling the FL3XX Software in violation of Stellar's alleged exclusive rights in the Territory. FL3XX denies the remaining factual allegations of this paragraph.

44. In response to paragraph 44, FL3XX admits it transferred the hosting of FL3XX Software for customers in the United States in July 2021 from servers in Europe to a server in the United States, and that ODT is the exclusive software hosting provider for FL3XX Software users in the United States. FL3XX denies the remaining factual allegations of this paragraph.

45. In response to paragraph 45, and based on its understanding of the term "Stellar-contracted", FL3XX admits that the CEO of FL3XX, Paolo Sommariva, emailed a Stellar employee on July 23, 2021, to ask that the employee not talk to JetEdge or any other FL3XX customer about or on behalf of FL3XX. FL3XX denies the remaining factual allegations of this paragraph.

46. In response to paragraph 46, FL3XX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of this paragraph and therefore denies the same.

47. In response to paragraph 47, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of this paragraph and therefore denies the same.

## VI.   CAUSES OF ACTION

### First Cause of Action - Breach of Contract (RRA)

48. In response to paragraph 48, FL3XX incorporates by reference its responses to the preceding allegations into its responses to this cause of action.

49. In response to paragraph 49, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

50. In response to paragraph 50, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

51. In response to paragraph 51, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

52. In response to paragraph 52, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

### Second Cause of Action - Breach of Contract (MSAA)

53. In response to paragraph 53, FL3XX incorporates by reference its responses to the preceding allegations into its responses to this cause of action.

54. In response to paragraph 54, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

55. In response to paragraph 55, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

56. In response to paragraph 56, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

57. In response to paragraph 57, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

**Third Cause of Action - Breach of the Implied Covenant of Good Faith and Fair Dealing**

58. In response to paragraph 58, FL3XX incorporates by reference its responses to the preceding allegations into its responses to this cause of action.

59. In response to paragraph 59, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

60. In response to paragraph 60, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

61. In response to paragraph 61, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

62. In response to paragraph 62, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

**Fourth Cause of Action – Intentional Interference with Contractual Relations**

63. In response to paragraph 63, FL3XX incorporates by reference its responses to the preceding allegations into its responses to this cause of action.

64. In response to paragraph 64, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. Based

on its understanding of the term "Stellar-contracted", FL3XX denies the factual allegations of this paragraph.

65. In response to paragraph 65, and based on its understanding of the term "Stellar-contracted", FL3XX admits it was aware of some Stellar contracts.  FL3XX denies the remaining factual allegations of this paragraph.

66. In response to paragraph 66, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

67. In response to paragraph 67, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

68. In response to paragraph 68, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

69. In response to paragraph 69, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

70. In response to paragraph 70, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

**Fifth Cause of Action – Negligent Interference with Prospective Economic Relations**

71. In response to paragraph 71, FL3XX incorporates by reference its responses to the preceding allegations into its responses to this cause of action.

72. In response to paragraph 72, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

73. In response to paragraph 73, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

74. In response to paragraph 74, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

75. In response to paragraph 75, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

76. In response to paragraph 76, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

77. In response to paragraph 77, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

78. In response to paragraph 78, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

79. In response to paragraph 79, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

### Sixth Cause of Action – Trade Libel

80. In response to paragraph 80, FL3XX incorporates by reference its responses to the preceding allegations into its responses to this cause of action.

81. In response to paragraph 81, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

82.     In response to paragraph 82, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

83.     In response to paragraph 83, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

84.     In response to paragraph 84, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

85.     In response to paragraph 85, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

86.     In response to paragraph 86, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

87.     In response to paragraph 87, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX denies the factual allegations of this paragraph.

**Seventh Cause of Action – Defamation**

88.     In response to paragraph 88, FL3XX incorporates by reference its responses to the preceding allegations into its responses to this cause of action.

89.     In response to paragraph 89, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX admits it made statements to third-parties other than Stellar, including some of Stellar's customers.  FL3XX denies the remaining factual allegations of this paragraph.

90.     In response to paragraph 90, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them.  FL3XX

admits that some statements it made to third parties other than Stellar may have been reasonably understood by the third parties to refer to Stellar. FL3XX denies the remaining factual allegations of this paragraph.

91. In response to paragraph 91, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

92. In response to paragraph 92, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

93. In response to paragraph 93, to the extent that the allegations of said paragraph contain legal contentions and conclusions, FL3XX is not required to admit or deny them. FL3XX denies the factual allegations of this paragraph.

## VII.   DEMAND FOR RELIEF

94. In response to Stellar's Demand for Relief, set forth at page 12 of the Complaint, FL3XX denies that Stellar is entitled to any relief whatsoever.

## VIII.   DEMAND FOR JURY TRIAL

95. FL3XX demands a jury trial on all issues.

## IX.   AFFIRMATIVE DEFENSES

Having fully answered the Complaint and each factual claim and allegation thereof, FL3XX sets forth the following affirmative and other defenses. FL3XX does not intend hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Stellar bears the burden.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Each and every cause of action in the Complaint fails to state facts sufficient to state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

Each and every cause of action in the Complaint is barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

(Acquiescence)

Each and every cause of action in the Complaint is barred by the doctrine of acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

Each and every cause of action in the Complaint is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Each and every cause of action in the Complaint is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(In Pari Delicto)

Defendant alleges that Plaintiff and each and every purported cause of action in the Complaint are barred because Plaintiff has engaged in acts or courses of conduct that rendered Plaintiff *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

Each and every cause of action in the Complaint is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

(Consent)

Each and every cause of action in the Complaint is barred by the doctrine of consent.

///

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate or avoid the purported harm or damages alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

(Statutes of Limitations)

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations, including California Civil Procedure Code section 337.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Causation)

Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any were not caused by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendant alleges that its conduct, acts, omissions and representations were made in good faith and in the exercise of Defendant's reasonably judgment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Apportionment)

Defendant alleges that Plaintiff's alleged damages were caused by the acts and omissions of other persons, corporations and entities, including both parties and non-parties to this action, whether named or not named. Consequently, liability should be apportioned according to the respective degrees of fault or other legal responsibility of the named or unnamed responsible parties, and Defendant's liability, if any, should be reduced accordingly.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Fault of Others)

Defendant alleges that Plaintiff's alleged injuries, loss or damages, if any there were, were caused by persons for whom Defendant was or is not responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Wrongful Conduct)

Defendant alleges that any detriment or loss that Plaintiff may have incurred is the product of Plaintiff's own conduct and other wrongful acts.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Justification)

Defendant alleges that any acts actually performed by Defendant relating to this action were justified.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Uncertainty, Vagueness, and/or Ambiguity)

Defendant alleges that the Complaint fails for uncertainty, vagueness, and/or ambiguity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

Defendant alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based on procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards, and (vi)

the contracts which are the subject of the within dispute do not permit the award of punitive damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

Defendant alleges that granting Plaintiff's demand in the Complaint would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Offset)

Defendant alleges that any sum for which Defendant is found liable to Plaintiff is to be offset by a sum yet to be determined, which sum is owed to Defendant by Plaintiff, in accordance with the provisions of California Civil Procedure Code section 431.70.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Inequitable Conduct)

Defendant alleges that the claims that are the subject matter of Plaintiff's Complaint should be barred by reason of Plaintiff's inequitable conduct, acts or omissions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Privilege to Protect Own Financial Interest)

Defendant alleges that there was no interference with contractual relations or prospective economic advantage because Defendant acted reasonably and in good faith to protect its legitimate financial interests and used appropriate means to protect its legitimate financial interests.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Truth)

Defendant alleges the truth of the matters charged as allegedly defamatory.

///

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

Dated:  November 4, 2021        NIESAR & VESTAL LLP


By: ___*/s/  Peter Vestal*___
Peter Vestal
Attorneys for Defendant FL3XX GmbH