REBECCA D. TAKACS, SBN 304015
takacs@oles.com
OLES MORRISON RINKER & BAKER LLP
492 Ninth Street, Suite 220
Oakland, California 94607
Telephone: (510) 903-2001
Facsimile: (510) 903-2015

DOUGLAS S. OLES, admitted *pro hac vice*
oles@oles.com
OLES MORRISON RINKER & BAKER LLP
701 Pike Street, Suite 1700
Seattle, Washington 98101
Telephone: (206) 623-3427
Facsimile: (206) 623-6234

*Attorneys for Plaintiff,*
*Stellar Labs, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLAR LABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FL3XX GmbH, a foreign entity; ONLINE DELIVERY TECHNOLOGIES, a foreign entity and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-05879-EMC<br><br>**JOINT FED. R. Civ. P. 26(f) REPORT**<br><br>Complaint filed: July 30, 2021<br><br>CMC: December 14, 2021, 1:30 p.m. |

The parties submit the following Joint Federal Rule of Civil Procedure 26(f) Report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16, the Standing Order for all Judges of the Northern District of California Contents of Joint Case Management Statement (11/1/18), Judge Chen's Standing Order and Guidelines, and the Order regarding Continuance of Case Deadlines (ECF 32).

1. **JURISDICTION AND SERVICE**

The Court's statutory subject matter jurisdiction over plaintiff Stellar Labs, Inc.'s ("**Stellar**") claims and defendant FL3XX GmbH's ("**FL3XX**") counterclaims is based upon diversity because Stellar is a citizen of California and Delaware and FL3XX is a citizen of Austria and the amount of damages exceeds $75,000. Jurisdiction and venue are also supported by contract consent language. No issues exist regarding personal jurisdiction or venue.

Service on FL3XX was made both in California and via the Hague Convention in Austria. The only parties remaining to be served are Doe Defendants and Roe Cross-Defendants. The proposed deadline for service is July 31, 2022.

2. **FACTS:**

On March 10, 2020, Stellar and FL3XX entered a Master Strategic Alliance Agreement ("**MSAA**") with the hope that those two companies might eventually merge. On March 12, 2020, the parties executed an ancillary agreement to the MSAA known as the Reciprocal Reseller Agreement ("**RRA**")

The RRA gave Stellar exclusive rights to market and sell certain FL3XX aviation scheduling software ("**FL3XX Software**") in the Americas and the Caribbean region (the "**Territory**") for an initial term of three years. The RRA includes an Exhibit A – Professional Services Terms and Conditions and Service Schedule 1 with additional terms.

On June 9, 2021, FL3XX sent Stellar a termination notice ("**Termination Notice**") regarding the RRA, effective immediately.

On July 8, 2021, FL3XX sent Stellar a written notice exercising its audit rights under the RRA (the "**Audit Notice**"). It also sent emails to Stellar's contracted users of the FL3XX Software stating e.g.,: (1) the "reseller relationship with Stellar is over"; (2) the customer's "service contract with Stellar is no longer valid"; and (3) the FL3XX Software will soon be "exclusively served on U.S. computers." FL3XX subsequently contacted these users and offered them FL3XX contracts.

Subsequent to the Termination Notice, Stellar continued to hold itself out to FL3XX Software customers and the marketplace at large as the exclusive reseller of the FL3XX Software in the Territory with all the rights conferred by the RRA.

The principal factual issues in dispute concern the adequacy of Stellar's performance under the RRA, whether FL3XX properly terminated the agreement and the actionability of the parties' conduct following the Termination Notice.

Stellar's Contentions

Stellar contends the termination was improper because FL3XX failed to comply with the contractual process for dispute resolution in the MSAA and failed to provide required written notice or grounds for termination under the MSAA, RRA, or Exhibit A.  Stellar maintains that FL3XX materially breached the agreements by its improper termination, which Stellar perceives as intentional wrongdoing or willful misconduct by FL3XX to take over the United States business aviation market - cutting out Stellar as the "middle-man" for marketing FL3XX Software. Stellar further alleges that FL3XX's conduct following the purported termination was intended to interfere with and damage Stellar's business relationship with customers and prospective customers.

FL3XX's Contentions

FL3XX contends Stellar failed to perform its obligations under the RRA, and that it acted properly in terminating the RRA.  FL3XX makes the following contentions regarding Stellar's post-termination conduct: (1) Stellar failed to comply with the Audit Notice; (2) Stellar misrepresented to FL3XX Software customers and prospects that it was still the exclusive reseller of the FL3XX Software in the Territory; (3) Stellar accessed and used the FL3XX Software without authorization; and (4) Stellar wrongfully accessed and altered electronic data that customers had submitted to the FL3XX Software.  FL3XX further contends that the MSAA and RRA contain damage-limiting terms which apply to some, if not all, of the parties' claims against each other in this lawsuit.

3.      **LEGAL ISSUES**

The following are disputed legal issues:

(a) Whether and if so to what extent do the damage-limiting terms in the MSAA and the RRA apply to the present dispute, and whether *inter alia* California Civil Code Section 1668 applies;

(b) Whether and if so to what extent the dispute resolution clause in the MSAA applies to the present dispute, or is otherwise in conflict with relevant provisions in the RRA;

(c) Whether the termination clause in the MSAA, RRA, or Exhibit A – Professional Services Terms and Conditions applies to the present dispute;

(d) Whether any of the parties' post-Termination Notice conduct – as alleged in the pleadings – is actionable.

### 4. MOTIONS

On October 1, 2021, Stellar filed an Ex Parte Motion for Temporary Restraining Order and Order to Show Cause. (ECF 14.) The motion was denied. (ECF 28.) No other motions are pending.

Stellar may file a motion for partial summary judgment on the issue of whether the June 9, 2021 termination was a material breach of contract by FL3XX.

FL3XX plans to file a motion for partial summary judgment regarding the applicability of the damage-limiting terms in the MSAA and the RRA to the within action (the "**Damages Motion**"). Ideally, the parties will be able to brief the motion, and the Court will be able to issue a ruling prior to the occurrence of Early Neutral Evaluation ("**ENE**") as discussed in Section 12 below.

### 5. AMENDMENT OF PLEADINGS

The parties do not presently anticipate the need to add or dismiss parties, claims, or defenses. The proposed deadline for amending the pleadings is June 30, 2022.

### 6. EVIDENCE PRESERVATION

The parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

The parties agree to preserve the below-described categories of evidence created or acquired from January 1, 2019 to the present in so far as it is potentially relevant to the dispute and relates to: (1) the parties' contractual relationship, and/or (2) the marketing, sale, access, use or support of the FL3XX Software or Stellar's own products (e.g., Marketplace, Data Studio, etc.) in the Territory.

Categories of Evidence

(a) All communications (e.g., email, letters, texts, other formats) between the parties, between each party and third-parties (e.g., FL3XX Software customers, prospective customers, party-affiliated persons and entities, etc.), and internal communications;

(b) Documents shared between the parties, including e.g., Google spreadsheets;

(c) Communication channels (e.g., Slack) used by the parties to communicate with each other;

(d) United States customer lists and records;

(e) Billing records, invoices, and payment records;

(f) Business meeting records, including minutes, resolutions, or similar;

(g) Service tickets and service histories;

(h) Support account, project workspace channels, and related support records for the FL3XX Software;

(i) FL3XX Software contracts with third-parties, including draft contracts sent to third-parties;

(j) Stellar contracts (e.g. relating to Marketplace, Data Studio, etc.) with third-parties, including draft contracts sent to third-parties;

(k) Documents pertaining to the formation of Online Delivery Technologies;

(l) Documents pertaining to the parties' entry into the Territory; and

(m) Documents pertaining to Stellar's access and/or use of the FL3XX Software after the Termination Notice, as well as its access and/or alteration -- after the Termination Notice -- of data submitted by customers to the FL3XX Software.

The parties acknowledge that whether and if so to what extent the above-described information categories are discoverable will depend on application of the appropriate limitations on scope according to proportionality factors or accessibility. Fed. R. Civ. P. 26(b)(1)-(2).

## 7. DISCLOSURES

The Court ordered the parties' initial disclosures or stated objections to be made on December 7, 2021, simultaneous with this Joint Fed. R. Civ. P. 26(f) Report. (ECF 32.) The parties have mutually complied, in part, with the initial disclosure requirements of Fed. R. Civ. P. 26 as described below.

The parties agree to comply with Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii) to identify witnesses and discoverable evidence in order to jointly prepare a discovery plan. The parties agree to defer disclosures of their respective computations of damages claimed and exchange of documents under Fed. R. Civ. P. 26(a)(1)(A)(iii) while they initially pursue ENE and stay discovery. The parties agree Fed. R. Civ. P. 26(a)(1)(A)(iv) does not apply, as neither party is presently aware of any insurance agreements that may satisfy all or part of a possible judgment or indemnify the parties.

## 8. DISCOVERY

The parties have not taken any discovery to date. The scope of anticipated fact discovery is expected to include the exchange of written discovery and depositions of party employees with limited discovery or depositions of third-parties.

The parties are discussing limitations on discovery and expect to stipulate to a discovery plan based upon the parties' agreement to stay discovery until completion of ENE. The discovery plan will necessarily be subject to resolution of the damage cap issue described in Section 3(a) above to ensure that the plan is proportional to the practical amount in controversy. Fed. R. Civ. P. 26(b)(1). The parties agree to mutually confer on a discovery plan by January 14, 2022 and agree to a written discovery plan as soon as practicable following the Court's ruling on the Damages Motion.

The parties further agree that each party will make available for deposition, either live or remotely at the election of the party-employer, its employees and officers, through the process

provided in the Federal Rules of Civil Procedure. The parties will not waive objections provided by the Federal Rules of Evidence or Federal Rules of Civil Procedure or case law interpretating the same, or the General Data Protection Regulation to the extent it applies. The parties agree that depositions of and the production of documents and electronically stored information by the parties shall be governed by the process provided in the Federal Rules of Civil Procedure without requiring either party to request such discovery through the Hague Convention, a letter rogatory, the Walsh Act (28 U.S.C. § 1783), or use of any foreign jurisdiction's process.

The parties agree to the Court's model protective order, possibly with some minor revisions. The parties also agree that a stipulated e-discovery order is not presently necessary.

### 9. CLASS ACTIONS

This is not a class action.

### 10. RELATED CASES

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

### 11. RELIEF

Stellar seeks injunctive relief, compensatory and consequential damages in a sum exceeding $850,000, punitive damages, interest, attorneys fees and costs, and costs of suit. The damages are based upon the value of the Stellar-FL3XX contracts, the value of third-party contracts with Stellar customers and prospective customers, and harm to Stellar's business and reputation in the business aviation market. Damages should be calculated on the basis of expected profits from the Stellar-FL3XX contract and third-party contracts with Stellar customers and prospective customers and lost business value and lost profits arising from FL3XX's tortious conduct.  Stellar may offer expert testimony to calculate lost business value and lost profits arising from the contract and tort based claims against FL3XX.  Stellar seeks to enjoin FL3XX by prohibiting FL3XX from violating the contracts entered by the parties and making false or defamatory statements to Stellar's customers and third parties.

FL3XX seeks the following relief:

(a) Compensatory and consequential damages in an amount to be ascertained for the detriment proximately caused by Stellar due to its breach of the RRA and wrongful conduct subsequent to the Termination Notice;

(b) Specific performance of Stellar's contractual obligations to: (1) comply with FL3XX's Audit Notice; and (2) return all FL3XX Software documentation;

(c) Injunctive relief requiring Stellar to return any wrongfully obtained data in its possession;

(d) Additional injunctive relief prohibiting Stellar from (1) representing that it is a reseller of the Services in the Territory; (2) providing FL3XX Software support services; (3) accessing and using the FL3XX Software; and (4) browsing and altering FL3XX Software customer data;

(e) Imposition of a constructive trust and restitution in an amount to be ascertained;

(f) Punitive damages; and

(g) Prejudgment interest and costs of suit.

The parties acknowledge that the damage cap issue referenced in Section 3(a) above may affect the scope and extent of the relief they seek.

Subject to the Court's consent, the parties stipulate to defer their exchange of detailed damage calculations, while they concentrate on ENE.

## 12. SETTLEMENT AND ADR

On October 28, 2021, Stellar and FL3XX submitted their Joint Letter on ADR. (ECF 40.) Since that time, the parties' positions have changed.

Stellar and FL3XX agree to participate in court-sponsored ENE to be completed within 90 days of the court's order referring the matter to ENE. The Stipulation and [Proposed] Order Selecting ADR process is filed concurrent with this report. The parties further agree that participation in ENE is subject to the parties' agreement to stay all discovery until completion of the ENE as referenced in Section 8 above, except as otherwise specified in Section 7 above.

1    Stellar anticipates that a partial motion for summary judgment on the issue of whether the
2  June 9, 2021 termination was a material breach of contract by FL3XX may be necessary to
3  position the parties to negotiate a resolution.
4    FL3XX anticipates that the Damages Motion will be necessary to position the parties to
5  negotiate a resolution.  (See Section 3(a).)

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

Stellar consented to Magistrate Judge Sallie Kim to conduct all further proceedings including trial and entry of judgment. (ECF 9.)

FL3XX does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.   OTHER REFERENCES**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

The parties believe some issues may be narrowed by motion including: (a) whether and if so to what extent the damage-limiting terms in the MSAA and the RRA apply to the parties' respective claims; (b) whether the dispute resolution procedures in the MSAA apply; and (c) whether the Termination Notice was effective to terminate the RRA.

The parties will meet and confer on potential stipulated facts before trial. Presently, the parties do not have any requests to bifurcate issues, claims, or defenses.

**16.   EXPEDITED TRIAL PROCEDURE**

The parties have not agreed to have this case handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.   SCHEDULING**

The parties propose the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial.

| Date | Schedule Item |
|---|---|
| August 25, 2022[1] | Fact Discovery (Non-expert) Closed |
| August 25, 2022 | Expert Disclosure |
| September 15, 2022 | Rebuttal Expert Disclosure |
| October 6, 2022 | Expert Discovery Closed |
| October 13, 2022 | Last day to File Dispositive Motions |
| November 17, 2022 | Last day to Hear Dispositive Motions |
| December 20, 2022 | Last day to Meet and Confer re Pretrial Conference Statement |
| January 10, 2023 | Joint Pretrial Conference Statement/Trial Briefs |
| January 20, 2023 | Objections |
| January 31, 2023 at 2:30 p.m. | Pretrial Conference |
| February 27, 2023 at 8:30 a.m. | Trial |

## 18. TRIAL

The case will be tried to a jury. The parties estimate the length of the trial to be 10-12 days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Stellar filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. (ECF 2.) Stellar affirms the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding in that each holds an ownership interest of 1% or greater in Stellar: CEP Investors in Stellar, LLC, Global Jet Capital Investments, LLC, William Donovan, Paul Touw, David Fox, Dolby Family Ventures, L.P., David N. Siegal, Revocable Trust, and Jason Subotky.

FL3XX filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. (ECF 27.) FL3XX affirms that the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

---

[1] All discovery and motion dates before Last Day to Hear Dispositive Motions moved forward one week due to Thanksgiving Holiday falling on Thursday, November 24, 2022 (10 Thursday before Pre-Trial Conference).

(a) Artsiom Anisimau, Shareholder & officer, FL3XX, GmbH;

(b) Stefan Oberender, Shareholder & officer, FL3XX, GmbH;

(c) Carl Johann Filip, Ranebo Shareholder & employee, FL3XX, GmbH; and

(d) Paolo Sommariva, Shareholder & officer, FL3XX, GmbH.

The four above-identified individuals collectively have a 100% ownership interest in FL3XX.

20.  **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.  **OTHER MATTERS FOR DISPOSITION OF THIS MATTER**

None.

Dated: December 7, 2021                     OLES MORRISON RINKER & BAKER LLP


By: */s/ Rebecca D. Takacs*
    Rebecca D. Takacs
    Attorneys for Plaintiff
    Stellar Labs, Inc.


Dated: December 7, 2021                     NIESAR & VESTAL LLP


By: */s/ Peter Vestal*
    Peter Vestal
    Attorneys for Defendant
    FL3XX GmbH

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Rebecca D. Takacs, attest that concurrence in the filing of this document has been obtained.

*/s/ Rebecca D. Takacs*
Rebecca D. Takacs

**PROOF OF SERVICE**

I declare that I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within entitled cause. My business address is 492 Ninth Street, Suite 220, Oakland, California 94607. On December 7, 2021, I served a true copy of the document listed below on the involved parties in said cause, in the manner indicated as follows.

**JOINT Fed. R. Civ. P. 26(f) REPORT**

| | |
|---|---|
| Peter Vestal, Esq.<br>John Kelley, Esq.<br>Niesar & Vestal LLP<br>90 New Montgomery Street, 9th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 882-5300<br>Facsimile: (415) 882-5400<br><br>*Attorneys for Defendant*<br>*FL3XX GmbH* | ☒  **Via USDC CM-ECF system** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at Oakland, California, on December 7, 2021.

/s *Rebecca D. Takacs*
Rebecca D. Takacs

4818-8829-4143, v. 1