1  DEBORAH J. WILSON, SBN 155301
   wilson@oles.com
2  OLES MORRISON RINKER & BAKER LLP
   492 Ninth Street, Suite 220
3  Oakland, California 94607
   Telephone: (510) 903-2001
4  Facsimile: (510) 903-2015

5  DOUGLAS S. OLES, admitted *pro hac vice*
   oles@oles.com
6  OLES MORRISON RINKER & BAKER LLP
   701 Pike Street, Suite 1700
7  Seattle, Washington 98101
   Telephone: (206) 623-3427
8  Facsimile: (206) 623-6234

9  *Attorneys for Plaintiff,*
   *Stellar Labs, Inc.*

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| STELLAR LABS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FL3XX GmbH, a foreign entity; ONLINE DELIVERY TECHNOLOGIES, a foreign entity and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No.: 3:21-cv-05879-EMC<br><br>Judge: Hon. Edward C. Chen<br><br>**STELLAR LABS, INC.'S REQUEST TO CLARIFY SUMMARY JUDGMENT ORDER; AND IN THE ALTERNATIVE, FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 59<br><br>Complaint filed: July 30, 2021 |

24    In its summary judgment Order of March 8, 2022, the Court somewhat changed direction

25 from what was indicated during the oral hearing on March 3, 2022. On one of these points, the

26 Plaintiff Stellar Labs, Inc. ("**Stellar**") respectfully asks the Court to clarify one sentence in its

27 ruling. Depending on how the sentence is clarified, Stellar requests leave to move for

28

-1-

reconsideration of the summary judgment Order to avoid a manifest misapplication of law. Because this Motion may reasonably be viewed as a motion for partial reconsideration, Stellar respectfully requests leave under Local Rule 7-9 to file such a Motion.

Specifically, Stellar asks the Court to clarify its interpretation of the "damage exclusion" in ¶10(b) of the parties' Master Strategic Alliance Agreement ("**MSAA**"), which reads as follows:

> Exclusion of Consequential and Related Damages.  IN NO EVENT WILL EITHER PARTY BE LIABLE TO THE OTHER PARTY FOR ANY CONSEQUENTIAL, INDIRECT, SPECIAL, INCIDENTAL, OR PUNITIVE DAMAGES ARISING OUT OF OR RELATED TO THIS AGREEMENT.

At page 11 of the Court's Order, it concludes that "implicitly, the damages exclusion applies to not just contract-based claims but also tort claims." [Dkt. 59, at 11:18-19.]  This sentence was surprising, because FL3XX's summary judgment pleadings did not argue or cite authorities to the effect that damages for Stellar's tort claims fall within the categories of damages listed in ¶10(b).  Uncertainty as to the sentence at issue may also potentially have a significant impact on the parties' Early Neutral Evaluation (set for March 23, 2022) and on other aspects of this case.

**1.    The Order provides relief not sought by FL3XX.**

FL3XX's motion did not seek a ruling that the MSAA ¶10(b) exclusion of consequential and related damages applied to both contract-based claims and tort claims "related to" the MSAA agreement.  Rather, FL3XX's motion sought a general determination that Stellar was precluded by MSAA ¶10(b) from obtaining "indirect, consequential, special, incidental, or punitive damages against FL3XX" under either of the two agreements, MSAA and RRA.  [Dkt. 54 – Notice of Motion, at 5:18-19; 15:1-9.]  FL3XX apparently contended that ¶10(b) applied to both contracts, but FL3XX did not argue that the waiver of consequential damages in ¶ 10(b) related to all tort-based causes of action, including intentional torts.

FL3XX provided no analysis or authority to support a conclusion that the MSAA ¶10(b) damages exclusion applies not only to contract-based claims, but also to tort claims.  In arguing for limits on tort-based damages, FL3XX merely referred to "the limitations described in the

-2-

Stellar Labs, Inc.'s Request to Clarify Summary Judgment Order and Alternatively for Leave to Move for Reconsideration                                                                                                   Case No. 3:21-cv-05879-EMC

provisions" taken as a whole.   [Dkt. 54, at 15:3-4.]  FL3XX was unclear as to which provision(s) should apply to tort damages, and it appeared to rely on the Dollar Cap provisions in the two agreements.

FL3XX's conclusory assertions about the collective effect of multiple limitation clauses should be treated as lacking foundation, especially in connection with efforts to construe ¶10(b) on summary judgment.  "'Where a point is merely asserted by counsel without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion.'"  (*City of Arcadia v. State Water Resources Control Bd.*, 135 Cal.App.4th 1392, 1431 (2006).)

To the extent the Court's Order is a ruling that Stellar's damages for all of its tort causes of action are subject to the MSAA ¶10(b) damages exclusion for "consequential," "indirect," "special," and "incidental" damages, the Court's Order would grant relief not sought by FL3XX and on an issue that was never directly argued by the parties.

### 2. The sentence at issue is vague and should be clarified as to which tort-based damages are barred by MSAA ¶10(b).

It is of course undisputed that ¶10(b) in the MSAA refers to liability for "consequential," "indirect," "special," and "incidental" damages (in addition to "punitive" damages that are not at issue in this case).  It is unclear, however, whether the Court merely left the door open for FL3XX to argue that some of Stellar's tort damages fall into one of these categories, or whether the Court has already decided that damages arising from negligence or intentional torts fall into these categories.  As noted above, this uncertainty may have a significant impact on the ENE proceedings on March 23, 2022.

Earlier on page 11, the Court's Order confirms that special damages (sometimes called consequential damages) are a type of damage that can be awarded for contract-based claims.  [Dkt. 59, at 11:10-13.]  This is consistent with Stellar's position at the hearing that the terms "CONSEQUENTIAL," "INDIRECT," "SPECIAL," and "INCIDENTAL" <u>all</u> generally refer to categories of damage for breach of contract and not for tort.  *See, e.g., Global Hawk Insur. Co. v. Wesco Insur. Co.*, 424 F.Supp.3d 848, 854-55 (N.D. Cal. 2019) ("consequential damages" arise

-3-

from breach of an agreement); *Sherwin-Williams Co. v. JB Collision Services, Inc.;* 2015 WL 3999030, p. 5 (S.D. Cal. – June 30, 2015) (definition of consequential damages encompasses injuries proximately resulting from a breach of contract).

The Court points out that "PUNITIVE" damages are not awarded for breach of contract, but FL3XX cited no authority that a disclaimer of "PUNITIVE" damages should be construed as a waiver of all tort-based damages. In fact, FL3XX cited no authority at all for the proposition that a waiver of consequential damages encompasses a waiver of tort-based damages, and Stellar is aware of no such authority.

In California, it is well established that a party claiming waiver must prove a voluntary relinquishment of a known right by "clear and convincing" evidence. *See, e.g., Andrew Smith Co. v. Paul's Pak, Inc.* 754 F.Supp.2d 1120, 1131 (N.D. Cal. 2010); *GVF Cannery, Inc. v. Silva*, 202 B.R. 140, 145 (N.D. Cal. 1996); *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café and Takeout III, Ltd.*, 30 Cal.App.4th 54, 60, 35 Cal.Rptr.2d 515 (1995). Since the disclaimer in ¶10(b) of the MSAA does not mention tort-based damages, it is unclear where the Court perceives clear and convincing evidence that tort claims are waived by ¶10(b).

Civil Code §3333, the general tort damage measure, provides that the "measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." There is also the rule found in a long and unbroken line of California cases beginning with *Vinnell Co.* v. *Pacific Elec. Ry. Co.*, 52 Cal.2d 411, 414-416 (1959), in accordance with the weight of authority, that a party may not be exculpated or indemnified from liability for its own future negligence without using language that is both clear and explicit in expressing the intention of the parties in that regard. (See also *Burlingame Motor Co. v. Peninsula Activities, Inc.*, 15 Cal.App.3d 656, 665 (1971); *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 628 (1975).) Here, the MSAA ¶10(b) provision merely states a limitation on liability for "consequential" and related damages, a purely legal concept. There are no examples listed, or definition, reference or explanation provided in the MSAA of what the boundaries are of the damages being waived.

### 3. Conclusion.

If the Court construes ¶10(b) as barring any categories of tort damages, Stellar also respectfully asks the Court to clarify whether that bar is limited to negligence-based claims or whether it also applies to damages for intentional tort (which would contravene Civil Code §1668).

Alternatively, Stellar asks the Court to return to the direction indicated during the oral hearing by not extending the damages exclusion of ¶10(b) beyond its stated terms. Stellar respectfully suggests the following to clarify/replace the sentence at lines 18-19 on page 11 of the summary judgment Order:

> The damages exclusion in ¶10(b) applies to either party's contract-based claims for Consequential, Indirect, Special, or Incidental damages and to any Punitive Damages arising out of or related to the MSAA, subject to any limitations imposed by California Civil Code §1668.

Dated: March 17, 2022                                OLES MORRISON RINKER & BAKER LLP

                                                    By: /s/ Douglas S. Oles
                                                        Douglas S. Oles

                                                        Attorney for Plaintiff
                                                        Stellar Labs, Inc.

# PROOF OF SERVICE

I declare that I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within entitled cause. My business address is 492 Ninth Street, Suite 220, Oakland, California 94607. On March 17, 2022, I served a true copy of the document listed below on the involved parties in said cause, in the manner indicated as follows.

**STELLAR LABS, INC.'S REQUEST TO CLARIFY SUMMARY JUDGMENT ORDER; AND IN THE ALTERNATIVE, FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

| | |
|---|---|
| Peter Vestal, Esq.<br>John Kelley, Esq.<br>Niesar & Vestal LLP<br>90 New Montgomery Street, 9th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 882-5300<br>Facsimile: (415) 882-5400<br><br>*Attorneys for Defendants*<br>*FL3XX GmbH and*<br>*Online Delivery Technologies* | ☒ **Via USDC CM-ECF system**<br>☐ Via U.S. Mail<br>☐ Via email: pvestal@nvlawllp.com<br>☐ Via email: jkelley@nvlawllp.co |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at Oakland, California, on March 17, 2022.

*Kathryn Shahin*
Kathryn Shahin

4817-2007-7567, v. 1