1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

STELLAR LABS, INC.,

Case No.  21-cv-05879-EMC

8

Plaintiff,

9

v.

**FINAL PRETRIAL CONFERENCE ORDER**

10

FL3XX GMBH,

11

Defendant.

12

13

14

## I.      TRIAL DATES & LENGTH

15

The parties have agreed to a bench trial.  The trial days are: January 8, 9, 10, 12, 16, and 17

16

(six days total).  Trial days shall begin at 8:30 a.m. and end at 1:30 p.m.  Counsel are expected to

17

be present at 8:00 a.m. at least, unless the Court orders otherwise.

18

Each side shall have thirteen hours to present its case.  This includes opening statements,

19

direct and cross-examinations, and closing arguments.

20

## II.      TRIAL PROCEDURES

21

A.      Evidence and Objections

22

A party must give the opposing party at least forty-eight (48) hours' notice of witnesses it

23

intends to call, exhibits it intends to use, and/or demonstratives it intends to use.  Saturdays and

24

Sundays do not count.  Thus, *e.g.*, for a Monday trial day that starts at 8:30 a.m., a party must give

25

the opposing party notice by 8:30 a.m. on Thursday.

26

If the opposing party has an objection, then it must notify the party by 6:00 p.m. the same

27

day of notice, and the parties shall meet and confer to see if they can resolve their differences.  If

28

they cannot, then they shall file with the Court a joint statement twenty-four (24) hours in advance

United States District Court
Northern District of California

1    of the relevant trial day.  In short, the Court requires a full day to resolve any objections.

2          The Court emphasizes that, because this will be a bench trial, it expects objections to be

3    kept to a minimum.

4    B.      Proposed Findings of Fact

5          Although each party has already submitted proposed findings of fact and conclusions of

6    law, the Court shall require the parties to file on a rolling basis proposed findings of fact based on

7    the specific evidence that was presented on a given trial day.  Citations to the relevant witness

8    testimony and/or exhibit number will be helpful.  (The Court understands that a rough transcript of

9    the trial testimony for a given day is typically available that day or shortly thereafter.)  As

10   discussed at the hearing, the parties may use the "Disputed Facts" section in the Joint Pretrial

11   Conference Statement as a framework for organizing the proposed findings of fact.[1]

## III.      WITNESSES

13         The parties have submitted a joint witness list.  The list does not differentiate between

14   which witnesses may be called by Stellar and/or which witnesses may be called by FL3XX.  The

15   parties are limited to these witnesses for their cases-in-chief.  The witnesses are as follows:

16         (1)     Vicki Nakata.

17         (2)     Brian Flynn.

18         (3)     Dean Donovan.

19         (4)     Scott Halstead.

20         (5)     Fred Powell.

21         (6)     Fabian Bello.

22         (7)     Vince Chan.

23         (8)     Paolo Sommariva.

24         (9)     Stefan Oberender.

25         (10)    Philip Coulombe.

26         At the hearing, Stellar represented that it would not call either Mr. Sommariva or Mr.

27

28
―――――――――――――――
[1] Most likely, the Court will also order post-trial briefing as well.

United States District Court
Northern District of California

1    Oberender in its case-in-chief.  FL3XX asked for some flexibility as to when Mr. Sommariva and

2    Mr. Oberender will testify given that they are flying from Vienna to appear.  The Court expects

3    both parties to reasonably accommodate the schedules of witnesses where possible.

4          At the hearing, the Court ordered the parties to meet and confer to see if they could reach

5    agreement on which witnesses could provide testimony remotely (*i.e.*, instead of appearing in

6    person to testify).  Both parties represented that more significant witnesses would be appearing in

7    person to testify.  The parties shall report back on "remote" witnesses by 4:00 p.m., December 21,

8    2023.

9          Finally, at the hearing, Stellar asked that the witness exclusion rule not apply.  FL3XX did

10   not object so long as Mr. Sommariva and/or Mr. Oberender were not called as part of Stellar's

11   case-in-chief.

### IV.       MOTIONS IN LIMINE

A.     Defendant's MIL No. 1 (Docket No. 100)

14         The Court **GRANTS** FL3XX's first motion in limine.  In the motion, FL3XX seeks to

15   exclude expert evidence because Stellar did not designate an expert witness.  Nor did FL3XX.  As

16   neither party designated an expert witness, the motion is granted.  That being said, the Court's

17   ruling here does not necessarily preclude a lay witness from testifying about damages allegedly

18   suffered by the company for whom they work.  *See* Fed. R. Evid. 701, 2000 advisory committee

19   notes (noting that "most courts have permitted the owner or officer of a business to testify to the

20   value or projected profits of the business, without the necessity of qualifying the witness as an

21   accountant, appraiser, or similar expert").

B.     Defendant's MIL No. 2 (Docket No. 101)

23         FL3XX's second motion in limine, in which it seeks to preclude use of untimely

24   disclosures at trial, is deemed moot.  FL3XX has objected to three specific exhibits offered by

25   Stellar on the same grounds.  The Court addresses those objections below.  Because FL3XX has

26   not pointed to any other specific exhibits or evidence that raises a concern, the motion in limine is

27   essentially moot.

28

United States District Court
Northern District of California

C.      Plaintiff's Motion in Limine No. 1 (Docket No. 103)

In its sole motion in limine, Stellar seeks to exclude evidence related to FL3XX's counterclaim damages.  Stellar argues that the evidence was not timely produced.  The motion is **DENIED** in part and **DEFERRED** in part.

The motion is denied with respect to Exhibits 220-26.  Stellar will not suffer any prejudice from admission of these exhibits.  The exhibits are simply summaries of Stellar documents that Stellar produced to FL3XX.  The Court also notes that Stellar was on notice of, *e.g.*, alleged unpaid invoices, improper customer discounts, undisclosed charges to customers, etc. through the allegations made in FL3XX's counterclaims.  *See, e.g.*, Countercl. ¶ 29 (alleging that "Stellar was setting its own prices and discounts for the Services in disregard of FL3XX's list prices and without consulting FL3XX or obtaining FL3XX's authorization"); Countercl. ¶ 35 (alleging that "Stellar charged Customers for Services without disclosing the charges, or resulting payments by Customers, to FL3XX").

The motion is deferred to the extent Stellar seeks to exclude damages evidence related to time spent by FL3XX employees on addressing alleged Stellar deficiencies or improprieties.  FL3XX has not submitted any documentary evidence to back up these claimed damages.  Accordingly, there is no exhibit for the Court to rule on.  The Court notes that, without documentary evidence, FL3XX may have difficulty in establishing these damages.

## V.      EXHIBITS[2]

A.      Scope of Exhibit List

At the hearing, Stellar asked that the exhibit list be deemed to cover all exhibits that the parties will use at trial, including those that will be used for impeachment purposes only.  FL3XX expressed some concern with this approach – *e.g.*, depending on how a witness testifies at trial, there may be an opportunity to impeach with an excerpt from their deposition.  The Court held that it expected the parties to include in the exhibit list any exhibits that could reasonably be anticipated as needed for trial, even if only for impeachment purposes.  However, the Court will

_____

[2] At the hearing, the parties indicated that they would be submitting an updated exhibit list and updated exhibits.  The parties shall promptly provide the updates to the Courtroom Deputy.

United States District Court
Northern District of California

1    not automatically preclude an exhibit from coming in only for impeachment purposes if it was not

2    previously included in the exhibit list provided there is good reason therefor.  The Court also noted

3    that its approach here does not apply to documents not admitted such as those used to refresh a

4    witness's recollection.

5    B.      Exhibits with No Objections

6           At the hearing, the parties indicated that they intended to stipulate to authenticity and

7    admissibility of exhibits to which there are no objections.  The Court agrees that this approach

8    makes sense as it will be a time-saving measure.  However, the parties are forewarned that an

9    exhibit must still be offered during trial in order for the Court to consider it as part of the record.

10   The parties have likely overdesignated exhibits, and this limitation will ensure that the Court

11   considers only those exhibits that are actually needed for trial.

12   C.      Exhibits with Objections

13         •   Plaintiff's Exhibit 138.  The objection is overruled.  Stellar has indicated that it intends

14             to use the document (Stellar's budget revenue statement for 2021) to show that Stellar

15             was "doing a good job" before FL3XX terminated the RRA; thus, FL3XX's

16             termination of the agreement was pretextual.  Stellar does not intend to use the

17             document for damages purposes.

18         •   Plaintiff's Exhibit 158.  The objection is overruled.  Similar to above, Stellar does not

19             intend to use the document (an email in which FL3XX employees were cc'ed and an

20             attached slide deck) for damages purposes; rather, Stellar intends to use the document

21             to show that there was a joint commitment between the parties.

22         •   Plaintiff's Exhibit 159.  The Court defers ruling on the objection.  The document is an

23             internal Stellar email with an attachment.  To the extent Stellar relies on the "narrative"

24             part of the exhibit (*i.e.*, to show the qualitative impact of the RRA termination on

25             Stellar), the Court is inclined to admit the document.  To the extent Stellar relies on the

26             attachment (*i.e.*, to show the quantitative impact of the termination on Stellar), the

27             Court is less inclined to admit the document; reliance on this part of the document

28             seems more in the nature of a damages argument.

United States District Court
Northern District of California

1   •    Defendants' Exhibits 220-26.  As indicated above, the objections are overruled.

2        Admission will not prejudice Stellar as the summaries are all based on Stellar

3        documents that Stellar produced to FL3XX.

### VI.     MISCELLANY

The Court discussed the damages cap and damages exclusion clauses with the parties. FL3XX conceded that the damages exclusion clause in the MSAA does not bar, with respect to tort claims, compensatory damages.  Based on that position, it seems unlikely that California Civil Code § 1668 will be an issue.  *See* Docket No. 59 (SJ Order at 12-13) (noting that § 1668 bars a contract from exempting anyone from responsibility for an intentional tort but that there is a difference between exempting a person from liability and limiting a person's liability).[3]

The Court also discussed the relationship between the MSAA and the RRA, the latter being subsidiary to the MSAA but prevailing where there is a conflict.  The Court further discussed the alleged breach of the mediation provision in the MSAA, noting that proof of damage therefor would likely involve complex issues of causation.

The Court urged the parties to settle the case, especially now that the scope of claims and potential liability should be clear.

**IT IS SO ORDERED**.

Dated: December 21, 2023

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

---

[3] The Ninth Circuit recently certified an issue related to limitation-of-liability clauses to the California Supreme Court.  *See New England Country Foods, LLC v. Vanlaw Food Prods., Inc.*, No. 22-55432, 2023 U.S. App. LEXIS 32201, at *2 (9th Cir. Dec. 6, 2023) (certifying the following question: "Is a contractual clause that substantially limits damages for an intentional wrong but does not entirely exempt a part from liability for all possible damages valid under California Civil Code Section 1668?").